UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. MJ 11-421 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | DETENTION ORDER |
| STEVEN K. RANDALL, | ) | |
| | ) | |
| Defendant. | ) | |

Offense charged:    Possession of a False Government Badge

Date of Detention Hearing:    September 9, 2011.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

1.    The circumstances of the alleged offense are unusual.  Defendant questioned at

DETENTION ORDER
PAGE -1

Sea-Tac airport after an undeclared firearm was found in his checked luggage. In addition, other items in the suitcase included a counterfeit ICE Special Agent badge, a baseball cap with the words "ICE Police", four pairs of handcuffs, leg irons, pepper spray, a stun gun, a costume-style moustache and a pair of non-prescription eyeglasses. Defendant is alleged to have said that he was traveling to Chicago to surprise a friend. On a subsequent occasion, defendant is alleged to have said that he was going to use the items to act as an ICE agent in a confrontation with the ex-boyfriend of his ex-girlfriend and, it is alleged, end his life.

2. Defendant has traveled internationally on number of occasions. He appears to be in an unstable living situation and in financial distress. He was evaluated at Fairvax Hospital and given a prescription for medications and treatment, but had not followed up at the time of his arrest. Defendant asserts that he intended to do so, and had been discharged for only a brief time before arrested.

3. Defendant poses a risk of nonappearance due to mental health concerns, living situation, international travel and the circumstances of the instant offense which suggest some type of psychological break or crisis. He poses a risk of danger due to the nature and circumstances of the instant offense and mental health concerns.

4. There does not appear to be any condition or combination of conditions that will reasonably assure the defendant's appearance at future Court hearings while addressing the danger to other persons or the community.

It is therefore ORDERED:

1. Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from

01     persons awaiting or serving sentences or being held in custody pending appeal;

02 2. Defendant shall be afforded reasonable opportunity for private consultation with
03     counsel;

04 3. On order of the United States or on request of an attorney for the Government, the
05     person in charge of the corrections facility in which defendant is confined shall deliver
06     the defendant to a United States Marshal for the purpose of an appearance in connection
07     with a court proceeding; and

08 4. The Clerk shall direct copies of this Order to counsel for the United States, to counsel
09     for the defendant, to the United States Marshal, and to the United State Pretrial Services
10     Officer.

11 DATED this 9th day of September, 2011.

_____
Mary Alice Theiler
United States Magistrate Judge

DETENTION ORDER
PAGE -3